# Mintz& Gold

| | | **Senior Counsel** |
|---|---|---|
| Steven W. Gold | Julia B. Milne | Jack A. Horn |
| Steven G. Mintz* | James W. Kennedy | Noreen E. Cosgrove |
| Jeffrey D. Pollack* | Ryan W. Lawler* | Timothy J. Quill, Jr. |
| Elliot G. Sagor | Andrew A. Smith | |
| Ira Lee Sorkin | Amit Sondhi | **Of Counsel** |
| Lon Jacobs | Michael Mooney | Honorable Vito J. Titone (dec.) |
| Steven A. Samide | Andrew E. Steckler | NY State Court of Appeals 1985–1998 |
| Scott A. Klein | Alex J. Otchy* | Harvey J. Horowitz (dec.) |
| Terence W. McCormick*** | Allison Pridmore | Honorable Howard Miller |
| Robert B. Lachenauer | Victoria F. Muth | NY Appellate Div. 1999–2010 [ret.] |
| Roger L. Stavis | Alexandra K. Keller***** | Alan Katz |
| Howard M. Topaz | Carli M. Aberle | Eric M. Kutner |
| Philip E. Altman | Zachary J. Turquand | Brian T. Sampson |
| Charles A. Ross** | Kellyann T. Ryan | Erica Nazarian |
| Richard M. Breslow | Jason Leach**** | Tara Shamroth |
| Barry M. Kazan* | Sitie "Esther" Tang | Jared Van Vleet |
| Craig D. Spector* | Benjamin S. Cotler | Simone Calzolai* |
| Kevin M. Brown | Halle Preston | *Also admitted in New Jersey |
| Alexander H. Gardner | Justin T. Dailey | **Also admitted in Florida |
| Heath Loring | | ***Also admitted in California |
| Peter Guirguis | | ****Also admitted in Texas |
| | | *****Also admitted in Indiana |
| | | +Admitted in Italy and the United Kingdom (Not admitted in the U.S.) |

January 6, 2026

Via CM/ECF
Hon. Colleen McMahon
United State District Court
500 Pearl Street
New York, NY 10007-1312

Re:    *Otto Times International, Ltd. v. Cheery, LLC*, Index No. 1:25-cv-05562-CM
       <u>Letter Motion for a Stay Pending Compliance with N.Y. Bus. Corp. Law §
       1312(a)</u>

MEMO ENDORSED

Dear Judge McMahon:

    This firm represents Defendant Cheery, LLC ("Cheery" or "Defendant") in the
above-captioned action brought by Plaintiff Otto Times International, Ltd. ("Plaintiff").
Defendant writes pursuant to Your Honor's Individual Rules for Letter Motions seeking
to stay[1] this case pending Plaintiff's compliance with N.Y. Bus. Corp. Law § 1312(a).

    Pursuant to Section 1312 of New York's Business Corporation Law, a foreign
corporation doing business in New York is precluded from maintaining any action in

---

[1] District Courts have the inherent power, "in the exercise of discretion, to issue a stay when the
interests of justice require such action." *Volmar Distributors, Inc. v. New York Post Co.,* 152
F.R.D. 36, 39 (S.D.N.Y. 1993)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/6/2026

Mintz & Gold LLP
600 Third Avenue, 25th Floor, New York, NY 10016

O 212.696.4848 | F 212.696.1231
mintzandgold.com



New York "unless and until such corporation has been authorized to do business in this state and it has paid to the state all fees and taxes imposed under the tax law or any related statute." N.Y. Bus. Corp. Law § 1312(a). Non-Compliance with this statute precludes foreign corporations from using New York's courts as a legal forum. *Williams Erectors of Suffolk County v. Mulach Steel Corp.*, 684 F.Supp. 357, 358 (E.D.N.Y. 1988). In an action where jurisdiction is based on diversity of citizenship, non-compliance with § 1312 precludes an unauthorized foreign corporation from maintaining suit in the federal courts as well as in the state courts of New York. *See Netherlands Shipmortgage Corp., Ltd. v. Madias,* 717 F.2d 731, 725 (2d Cir.1983); *see also Verbal Judo Institute, Inc. v. Vistelar,* LLC, 2018 WL 8800685 (N.D.N.Y. Jan. 22, 2018). "The Second Circuit has held that dismissal is an appropriate remedy for a violation of this statute". *Id.* at *8. (citing *S & K Sales Co. v. Nike, Inc.*, 816 F.2d 843, 853 (2d Cir. 1987)). However, New York Courts have also held that failure to obtain authorization is not a fatal jurisdiction defect to the action, rather the proper remedy in these cases is a conditional dismissal or for the court to stay the action until the unauthorized entity has become compliant with the statute. *Manhattan Fuel Co. v. New England Petroleum Corp.,* 422 F. Supp. 797, 801 (S.D.N.Y. 1976); *see also DeWan v. Seideman*, 2017 WL 6048816 (S.D.N.Y. Dec. 5, 2017) (explaining failure to obtain authorization under analogous law N.Y. Limited Liability Company Law § 802(a)). An entity is considered doing business in the state, for the purposes of § 1312(a), if the business activities are systemic and regular as to manifest continuity of activity in the jurisdiction. *Verbal Judo Institute, Inc.*, 2018 WL 8800685 at *8.

Here, Plaintiff brings this action alleging breach of contract and unjust enrichment in relation to goods and services allegedly provided by Plaintiff to Cheery in the State of New York. *See ECF DKT. No.* 1.¶ 4. Plaintiff alleges that it is a foreign corporation that sells and exports goods, including marking samples and services related thereto in the United States. *See ECF DKT. No.* 1.¶ 1. Plaintiff alleges that jurisdiction is based on diversity of citizenship. *See ECF DKT. No.* 1.¶ 3. Cheery, a New York Limited Liability Company, entered into a business relationship with Plaintiff to deliver goods to New York State. *See ECF DKT. No.* 1.¶ 4. Upon information and belief, based on a preliminary search of public import records, Plaintiff also contracted to perform similar services for several other New York entities, including but not limited to: Tinkr LLC; Tm Ny Brands, LLC; and Waverly 648 LLC. Plaintiff's business activities are systemic and regular and demonstrate continued activity in the jurisdiction. Upon information and belief, based on a preliminary search of New York State business records, Plaintiff is not registered to do business in New York. As such, Plaintiff is doing business in New York



January 6, 2026
Page 3

and is required to register to do business with the state under § 1312(a) in order to maintain this action.

Defendant reserves the right to file a motion to dismiss and or move for conditional dismissal in the event that Plaintiff fails to become compliant with N.Y. Bus. Corp. Law § 1312(a). Defendant respectfully requests that this Court grant this letter motion for a stay pending Plaintiff's compliance with N.Y. Bus. Corp. Law § 1312(a).[2]

Respectfully submitted,

*s/Carli M. Aberle*
Carli M. Aberle

cc:    Steven W. Block *(Via ECF)*

---

[2] Pursuant to New York Business Corporation Law, Plaintiff may cure this defect by filing an application for authority with the New York Department of State. Plaintiff will need to provide a certificate of existence from their jurisdiction of incorporation and obtain consent from the state tax commission by paying all fees and taxes imposed under the tax law. N.Y. Bus. Corp. Law §§ 1304; 1312.

**Mintz & Gold LLP**
600 Third Avenue, 25th Floor, New York NY 10016

O 212.696.4848 | F 212.696.1231
mintzandgold.com